IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0055 |
| | § | |
| RAFAEL LUMBRERAS-AMARO | § | (Civil Action No. H-08-1488) |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a motion filed by the defendant, Rafael Lumbreras-Amaro ("Lumbreras"), to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. # 48). The government has answered with a motion to dismiss, arguing that Lumbreras is not entitled to relief under § 2255. (Doc. # 50). Lumbreras has filed a reply. (Doc. # 51). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-08-1488) for reasons set forth below.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On February 21, 2007, a federal grand jury in this district returned an indictment against Lumbreras, charging him with illegal reentry into the United States following deportation for an aggravated felony in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2). On April 25, 2007, Lumbreras entered a plea of guilty to the charges against him. The Court instructed the Probation Department to prepare a presentence report ("PSR") for the purpose

of determining punishment under the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). As summarized briefly below, the PSR showed that Lumbreras, a native and citizen of Mexico, had a lengthy criminal record and that he had been deported on three separate occasions prior to his most recent return to the United States.

On November 27, 1995, Lumbreras was convicted of evading arrest in Harris County cause number 9550535 and sentenced to 12 days of confinement. On January 17, 1997, Lumbreras was convicted of burglarizing a motor vehicle in Harris County cause number 9651405 and sentenced to 240 days of confinement. On January 17, 1997, Lumbreras was also convicted of evading arrest in Harris County cause number 9651406 and sentenced to 180 days of confinement. Thereafter, Lumbreras was deported from the United States to Mexico on April 16, 1997.

Lumbreras returned to the United States shortly after his deportation. On July 28, 1997, Lumbreras was convicted of possession of marijuana in Harris County cause number 9730920 and sentenced to 30 days of confinement. On August 15, 1997, Lumbreras was deported from the United States to Mexico for a second time.

Lumbreras returned to the United States again, only to be arrested and charged with an aggravated felony and a drug-related offense. On February 9, 1998, Lumbreras was convicted of aggravated assault with a deadly weapon in Harris County cause number 772188 and sentenced to three years' imprisonment. On that same day, Lumbreras was also convicted of possession of a controlled substance in Harris County cause number 769244 and sentenced to serve 180 days of confinement. Subsequently, on January 9, 2001, Lumbreras

was deported from the United States to Mexico for a third time.

Undeterred by three deportations, Lumbreras returned to the United States. On January 22, 2007, immigration officials encountered Lumbreras in Houston, Texas, where he was in custody at the Harris County Jail. Lumbreras was serving a thirty-day sentence that he received on January 10, 2007, in Harris County cause number 14272000, for evading arrest. By returning to the United States without obtaining the requisite permission, Lumbreras violated 8 U.S.C. § 1326(a). Because one of his prior deportations followed a conviction for an aggravated felony, Lumbreras was also subject to punishment under 8 U.S.C. § 1326(b)(2).

Using the relevant Sentencing Guidelines provision for illegal re-entry, the Probation Department determined that Lumbreras's base offense level was 8. *See* U.S.S.G. § 2L1.2(a). Because of his prior conviction for an aggravated felony, the Probation Department recommended a 16-level increase, pursuant to § 2L1.2(b)(1)(A) of the Sentencing Guidelines, increasing his offense level to 24. The Court granted a 3-level decrease for acceptance of responsibility, reducing his total offense score to 21. Because Lumbreras had 9 criminal history points, placing him in Criminal History Category IV, he faced a range of imprisonment from 57-71 months. After considering all of the parties' arguments, the Court sentenced Lumbreras below the applicable Guidelines range to serve a total of 56 months in prison, giving him credit for a month spent in custody of immigration officials. (Doc. # 32, *Judgment*; Doc. # 41, *Sentencing Transcript*, at 7).

On direct appeal, Lumbreras argued that the sentence imposed under 8 U.S.C.

§ 1326(b) violated due process because it resulted in a 16-level increase based on facts not alleged in the indictment. The Fifth Circuit observed that his arguments were foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b) set forth sentencing factors rather than separate offenses such that an indictment in an illegal-reentry case need not allege a defendant's prior convictions.[1] *See United States v. Lumbreras-Amaro*, 257 F. App'x 824 (5th Cir. Dec. 12, 2007) (No. 07-20600). Subsequently, the United States Supreme Court denied Lumbreras's petition for a writ of certiorari. *See Lumbreras v. United States*, — U.S. —, 128 S. Ct. 1489 (2008).

Lumbreras now argues that he is entitled to relief under 28 U.S.C. § 2255 because his sentence is unconstitutional and he was denied effective assistance of counsel at his sentencing proceeding. The government has filed a motion to dismiss, arguing that

---

[1] According to 8 U.S.C. § 1326, the statutory maximum sentence for illegal re-entry is increased from two to ten or twenty years of imprisonment, depending on whether the defendant has a prior criminal conviction. *See* 8 U.S.C. § 1326(b). The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that any fact which increases the statutory maximum penalty must be alleged in the indictment and found by the jury beyond a reasonable doubt. The Supreme Court has clarified, repeatedly, that prior convictions are not facts that must be pleaded in an indictment or proven beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296, 301 (2004); *see also United States v. Booker*, 543 U.S. 220, 244 (2005) (reaffirming the rule in *Apprendi*, which states that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). It is well established that the prior felony requirement for a statutory increase in punishment under 8 U.S.C. § 1326(b) is not an *element* of the offense of illegal re-entry, but is simply a sentencing enhancement. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). While defendants routinely challenge sentence enhancements for illegal re-entry by arguing that the increase in punishment authorized by § 1326(b) is unconstitutional under the *Apprendi* line of cases, the Fifth Circuit consistently denies these challenges because they are foreclosed by existing precedent. *See, e.g.*, *United States v. Velasco*, 465 F.3d 633, 641 (5th Cir. 2006) (rejecting a constitutional challenge to the sentence imposed under 8 U.S.C. § 1326(b)).

4

Lumbreras is not entitled to relief. The parties' contentions are discussed below under the governing standard of review.

## II.   STANDARD OF REVIEW

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. To establish "cause," a defendant must show that some external impediment prevented him from raising his claim on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170). In order to establish "prejudice," the defendant must demonstrate "an actual and substantial disadvantage," such that the integrity of the entire underlying proceeding was infected with "error of constitutional dimension." *Id.*

"Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.'" *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Shaid*, 937 F.2d at 232 n.7). "If the defendant does not meet this burden . . . , he is procedurally barred from attacking his conviction." *United States v.*

*Drobny*, 955 F.2d 990, 995 (5th Cir. 1992). Importantly, however, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

Lumbreras proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). However, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

### III.   DISCUSSION

    **A.**   **Ineffective Assistance of Counsel**

Lumbreras argues that he is entitled to relief from his conviction because he was denied effective assistance of counsel in connection with his sentencing proceeding. Claims for ineffective assistance of counsel are analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under this standard, a defendant must show "both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (quoting *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland*, 466 U.S. 668, 687-94. The first prong is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005) (quoting *Strickland*, 466 U.S. at 694).

Lumbreras was represented in this case by Assistant Federal Public Defender Brent Newton. Lumbreras complains that Newton was deficient for the following reasons: (1) he failed to object to the 16-level enhancement under § 2L1.2 of the Guidelines or to the criminal history calculation found in the PSR; (2) he failed to explain the elements of the offense until the day of sentencing; (3) he failed to present evidence of Lumbreras's difficult childhood or to present character witnesses; and (4) he failed to otherwise request a downward departure based on the needs of his family, his health, and his eligibility for a reduced sentence under the "fast track program." The government has provided an affidavit

from Newton, refuting each of these allegations, which are addressed briefly below.

### 1. Failure to Object

Lumbreras complains that Newton was deficient for failing to object to the 16-level enhancement under § 2L1.2 of the Guidelines or to the criminal history calculation found in the PSR. In his affidavit to the Court, Newton explains that he had no valid objection to make:

> There was no legal basis for me to object to the PSR's recommendation of a 16-level enhancement or its calculation of criminal history points. The defendant appears to claim that, because his prior convictions were not pleaded with specificity in the indictment, they could not be used for any type of enhancement under the Guidelines — either in his offense level or in his Criminal History Category. Such a claim flies in the face of *United States v. Booker*, 543 U.S. 220 (2005), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Under that precedent, prior convictions . . . need not be alleged in an indictment or proved beyond a reasonable doubt to a jury in order to be used as a basis for an enhancement under the now-advisory Guidelines.

(Doc. # 50, *Affidavit*, ¶ 4). Lumbreras insists, nevertheless, that Newton should have objected to the fact that the prior conviction used to enhance his sentence by 16 levels was not presented to the grand jury or listed in the indictment. Lumbreras fails to show that the proposed objection had merit.

In this instance, Lumbreras argues that the 16-level enhancement to his sentence violated the Fifth Amendment, because it was based on facts that were not alleged in the indictment. This argument was raised on direct appeal and rejected by the Fifth Circuit, which found that Lumbreras's claim was foreclosed by existing Supreme Court precedent. *See United States v. Lumbreras-Amaro*, 257 F. App'x 824 (5th Cir. Dec. 12, 2007) (No. 07-

20600) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998)), *cert. denied*, — U.S. —, 128 S. Ct. 1489 (2008).

Lumbreras does not demonstrate that his sentence was enhanced in violation of the constitution or that his counsel had a valid objection to make. Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the defendant fails to demonstrate deficient performance or actual prejudice. *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted). Because Lumbreras has failed to demonstrate deficient performance or actual prejudice, he fails to show that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 2. Failure to Explain the Elements of the Offense

Lumbreras complains that Newton was deficient for failing to explain the elements of the offense until the day of sentencing. In his affidavit, Newton contends that he "fully explained the elements of the offense of illegal reentry in [his] meetings with the defendant before he pleaded guilty." (Doc. # 50, *Affidavit*, ¶ 6). As Newton observes, the Court also explained the elements during the rearraignment. (Doc. # 39, *Rearraignment Transcript*, at 11-12). The record, which shows that Lumbreras was fully admonished and informed of the elements before he entered his guilty plea, supports Newton's account. Based on this record, even if the Court were to assume that Newton did not explain the elements of the offense, Lumbreras cannot demonstrate that he was actually prejudiced as a result. Accordingly, he fails to show that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 3.     **Failure to Present Evidence**

Lumbreras complains that Newton was deficient for failing to advise the Court of Lumbreras's difficult childhood or present character witnesses.  Newton explains that the Court was given adequate information about Lumbreras's personal history and that he did not call live witnesses at the sentencing proceeding because he did not believe it was necessary or appropriate under the circumstances:

> Through the presentence investigation — including the probation officer's interview of the defendant — the defendant's personal history and characteristics were made known to the court.  I also filed a sentencing "proffer" with letters from the defendants' friends and family that discussed good aspects of the defendant's character and personal history. . . .
>
> * * * *
>
> I did not call any live character witnesses at the sentencing hearing because I did not consider it necessary.  I submitted several letters from character witnesses.  In my opinion, calling live character witnesses in a case like this — with a defendant who had a lengthy criminal record (including aggravated assault and several other less serious offenses) — would be pointless when their letters offered only general praise with no compelling, specific information.

(Doc. # 50, *Affidavit*, ¶¶ 5, 8).  Lumbreras has not provided any supplemental information in support of his claim and he has not submitted any additional evidence of his character.

Because decisions about presenting evidence are a matter of strategy, the Fifth Circuit has held that "complaints of uncalled witnesses are 'disfavored' as a source of *Strickland* habeas review." *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005) (quoting *Buckley v. Collins*, 904 F.2d 263, 266 (5th Cir. 1990) (citations omitted)).  Lumbreras does not identify any witnesses who would have testified if they were called; nor does he provide any

information about what the uncalled witnesses would have said. Under these circumstances, the defendant's unsupported allegations of ineffective assistance are insufficient to establish deficient performance or actual prejudice. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir.) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue), *cert. denied*, — U.S. —, 128 S. Ct. 456 (2007); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)). Accordingly, Lumbreras fails to show that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 4. Failure to Request a Downward Departure

Lumbreras complains that Newton was deficient for failing to request a downward departure based on the needs of his family, his health, and his eligibility for a reduced sentence under the "fast track program." In his affidavit, Newton explains that he did not have a valid basis to request a downward departure on any of the grounds identified by Lumbreras:

> . . . During the presentence interview, the defendant informed the probation officer that he had a "normal childhood." PSR, para. 47. He did not inform the probation officer of any health issues, *see* PSR, para. 49, and likewise never informed me of any health issues (when I asked about his health). He informed the probation officer that he had a "common-law" wife in Houston (who had two children from a prior relationship) but had no children of his own. He also stated that he had a mother and two siblings in the United States but that his father and two other siblings lived in Mexico. PSR, paras. 45-48. He informed me that his two brothers and possibly his mother were in the

11

> United States illegally. I did not consider any of these facts to be particularly mitigating — and certainly did not support a motion for a downward departure or variance.

(Doc. # 50, *Affidavit*, ¶ 5). Newton adds that he did not move for a downward departure or variance under the fast track program because, at the time Lumbreras entered his guilty plea, the Southern District of Texas, Houston Division, did not have such a program. (*Id.* at ¶ 7). The fact that Houston did not have such a program, Newton explains further, also does not warrant a downward departure or variance under governing precedent. (*Id.*) (citing *United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir. 2008); *United States v. Luna*, 2007 WL 3125295, at ** 4-5 (S.D. Tex. Oct. 23, 2007)).

Lumbreras does not show that his counsel failed to raise a particular objection or argument in connection with his sentencing proceeding and he does not otherwise demonstrate that the sentence was imposed in error as a result of any deficiency on his counsel's part. Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, Lumbreras fails to demonstrate deficient performance or actual prejudice. *See Parr*, 472 F.3d at 256. Accordingly, Lumbreras fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### B. Remaining Claims

In addition to his claim of ineffective-assistance at sentencing, Lumbreras raises three separate allegations concerning the validity of his sentence. In particular, Lumbreras argues that his sentence violates the Fifth Amendment, the Equal Protection Clause, and the Separation of Powers Doctrine. Lumbreras concedes in his motion that he did not present

these arguments on direct appeal. The government correctly notes that all of these remaining claims are barred by the doctrine of procedural default as the result of Lumbreras's failure to raise these claims properly on direct appeal. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000)).

When a defendant has procedurally defaulted a challenge by failing to raise error properly on direct appeal, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Lumbreras does not allege or show that he is actually innocent and he does not otherwise demonstrate that he fits within any recognized exception to the procedural bar.[2] Alternatively, even assuming that the procedural bar did not apply, each of Lumbreras's remaining claims is without merit for reasons discussed briefly below.

### 1. Violation of the Fifth Amendment

In ground two of his motion, Lumbreras complains that his sentence violates the "Grand Jury and Indictment Clause" of the Fifth Amendment. In support of that claim, Lumbreras repeats the argument that his sentence was enhanced by 16-levels with facts not

---

[2] Lumbreras appears to blame his appellate attorney, Assistant Public Defender Timothy Crooks, for failing to raise these issues properly on appeal. Although ineffective assistance of counsel can constitute cause for a procedural default, "[n]ot just any deficiency will do . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "[T]he assistance must have been so ineffective as to violate the Federal Constitution." *Id.* For reasons discussed above, Lumbreras fails to show that he was denied effective assistance of counsel or that his defaulted claims have merit. As a result, Lumbreras does not demonstrate cause for his procedural default and he cannot show that he is entitled to relief under 28 U.S.C. § 2255 on any of his remaining claims.

presented to the grand jury or alleged in the indictment. Although phrased differently, the substance of this claim was raised on direct appeal and rejected by the Fifth Circuit, which found no error in the sentence. *See United States v. Lumbreras-Amaro*, 257 F. App'x 824 (5th Cir. Dec. 12, 2007) (No. 07-20600), *cert. denied*, — U.S. —, 128 S. Ct. 1489 (2008). Accordingly, Lumbreras is not entitled to relief under § 2255 on this issue.

### 2. Equal Protection Violation

In ground three of his motion, Lumbreras argues that he was denied a reduction in sentence of up to 4-levels under the fast track program in violation of his right to equal protection. As discussed previously, Lumbreras has not shown that he qualified for a downward departure under the fast track program, which was not available in the Houston Division at the time Lumbreras entered his guilty plea. More importantly, the Fifth Circuit has held that any disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and is not "unwarranted" for purposes of 18 U.S.C. § 3553(a), as Lumbreras contends. *See United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008). As an aggravated felon with three prior deportations, Lumbreras does not allege facts showing that his sentence was unreasonable or invalid under the circumstances and he does not otherwise demonstrate an equal protection violation. Thus, Lumbreras does not show that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 3. Separation of Powers

Finally, in ground four of his motion, Lumbreras contends that his sentence is unconstitutional and that this Court violated the "Separation of Powers Doctrine" by

enhancing his punishment under the Sentencing Guidelines. Lumbreras argues, therefore, that the judgment is "void" for lack of jurisdiction. The Supreme Court has rejected a separation-of-powers challenge to a sentence imposed under the Guidelines, which applied in an advisory manner in this instance. *See Booker*, 543 U.S. at 242-43. The Fifth Circuit has rejected a similar claim that the Sentencing Guidelines violate separation-of-powers principles. *See United States v. Newson*, 515 F.3d 374, 376 (5th Cir.), *cert. denied*, — U.S. —, 128 S. Ct. 2522 (2008). Lumbreras, who provides only conclusory allegations in support of his claim, does not demonstrate a constitutional violation and he does not show that he is entitled to relief under 28 U.S.C. § 2255.

## IV.    REQUEST FOR EVIDENTIARY HEARING

Lumbreras has requested an evidentiary hearing on his § 2255 motion. A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, the files, and the records of the case conclusively show that the petitioner is entitled to no relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)). In this case, the record is adequate to dispose fairly of the allegations made by Lumbreras. A district court need inquire no further on collateral review. Therefore, Lumbreras's request for an evidentiary hearing is denied.

## V.    CERTIFICATE OF APPEALABILITY

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability ("COA") is

15

required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

16

After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## VI. <u>CONCLUSION AND ORDER</u>

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Court **ORDERS** as follows:

1. The government's motion to dismiss and motion to expand the record (Doc. # 50) is **GRANTED**.

2. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 48) is **DENIED** and the corresponding civil action (H-08-1488) is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-08-1488).

SIGNED at Houston, Texas, on <u>November 6</u>, 2008.

_____
Nancy F. Atlas
United States District Judge